UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| (PAM/FLN)<br>James E. Moore and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund; James E. Moore as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>Richard Felber and Rob Hannibal, as Trustees of the Plasterers & Cabinet Makers Health Fund, Richard Felber and David Hamilton, as Trustees of Local 265 Pension Fund, Richard Felber and Rob Hannibal, as Trustees of the Twin City Plasterers Journeyman and Apprentice and Training Fund, John Nesse and Kenneth Haug, as Trustees of Local 190 Pension Fund, William Grimm and Richard Felber, as Trustees of the Minnesota Lathing and Plastering Bureau; and each of their successors,<br><br>                Plaintiffs,<br>vs.<br><br>GAUSMAN PLASTERING & STUCCO, INC.,<br><br>                Defendant. | Civil File No. 09-cv-187<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND<br>ORDER FOR ENTRY OF DEFAULT** |

This matter was heard before the undersigned on the 29th day of April, 2009. McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on January 27, 2009. The service was accomplished upon Defendant on February 2, 2009.

2.	Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.	Plaintiffs are trustees and fiduciaries of the above-referenced funds (the Funds). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Boulevard, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4.	Defendant, through its membership in the Minnesota Drywall and Plaster Association (f/k/a Minnesota Wall and Ceiling Contractors Association), is bound by certain Collective Bargaining Agreements between the Association and Lathers Local #190 and Minneapolis Plasterers Local #265.

5.	The Collective Bargaining Agreements obligate Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6.	The Collective Bargaining Agreements further obligate Defendant to promptly furnish to the Trustees or their authorized agents, on demand, all necessary employment and payroll records, and any other relevant information relating to its

employees covered by this agreement for examination, whenever such examination is deemed necessary in connection with the proper administration of the Trust Funds.

7. The Collective Bargaining Agreements and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

8. Defendant submitted the fringe fund reports for the months of July 2008, August 2008, September 2008, October 2008, November 2008, and December 2008, but has breached its obligation under the Collective Bargaining Agreements by failing to pay contributions and dues owing for these months.

9. Per the reports submitted, the total amount due for fringe benefit contributions for the months of July 2008 through December 2008 is $78,025.27 and the total amount due for dues for the months of July 2008 through December 2008 is $3,664.52.

10. Defendant has failed to pay this amount due for these months.

11. Defendant is liable to the Plaintiffs for an additional 10% of the fringe benefit contributions disclosed to be due for the months of July 2008, through December 2008. The total amount due for liquidated damages for these months is $7,802.52.

12. Plaintiffs have incurred $2,888.63 in attorney's fees and costs in prosecuting this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2. Defendant is liable to Plaintiffs for the fringe benefit contributions due and owing for the period of July, 2008 through December, 2008 in the amount of $78,025.27 and dues for the months of July 2008 through December 2008 is $3,664.52.

3. Defendant is liable to Plaintiffs for liquidated damages in the amount of $7,802.52 for the period of July, 2008 through December, 2008.

4. Defendant is liable to Plaintiffs for attorney's fees and costs in the amount of $2,888.63.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default Money Judgment is granted.

2. That judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $92,380.94 for fringe benefit contributions, liquidated damages and attorney's fees and costs for the period of July, 2008 through December, 2008.


Dated: May 6, 2009                       BY THE COURT:

                                         s/Paul A. Magnuson
                                         The Honorable Paul A. Magnuson
                                         United States District Court Judge